■ In the Matter of LAUREN D. RACHLIN, Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondents.— *Per Curiam.* Both parties point to subdivision 2 of section 104 of the Election Law as the source of the authority of the Secretary of State to determine the order in which the names of the candidates shall appear. The first part of the subdivision, applying to candidates for public offices and party positions alike, provides that the order shall be determined by lot; and this language and provision constitute the only statutory authority governing the order of names of candidates for nomination to the public office of Delegate to the Constitutional Convention. This provision is followed by the clause which commences " provided, however " and applies only to candidates for party positions. That the next sentence refers only to party conventions is too clear to require discussion. The remaining provisions of subdivision 2 (except the last sentence, which is solely the procedural implementation of the prior substantive provisions) specifically refer to candidates for party positions only. Order appealed from reversed, on the law, and application granted, without costs. Order signed and entered. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.